**FOR PUBLICATION**

FILED

JAN 03 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| STATE OF ARIZONA, ex rel Terry L. Goddard ex rel Thomas C. Horne, <br><br>               Plaintiff - Respondent, <br><br>   v. <br><br> COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation; COUNTRYWIDE HOME LOANS INCORPORATED, a New York corporation; a wholly owned subsidiary of Countrywide Financial Corporation; FULL SPECTRUM LENDING INCORPORATED, a California corporation now known as Countrywide Home Loans Incorporated; BANK OF AMERICA CORPORATION, a Delaware corporation; BANK OFAMERICA NA, a national bank; BAC HOME LOANS SERVICING LP, a foreign limited partnership and subsidiary of Bank of America NA; RECON TRUST COMPANY NA, a wholly-owned subsidiary of Bank of America NA; UNKNOWN PARTIES, names as: Black Corporations 1-10, <br><br>               Defendants - Petitioners. | No. 11-80086 <br><br> D.C. No. 2:11-cv-00131-FJM <br> District of Arizona, <br> Phoenix <br><br><br> ORDER |

Submitted to a Motions Panel June 29, 2011

Before:  CANBY, GOULD, and TALLMAN, Circuit Judges.

PER CURIAM:

Petitioner's motion for reconsideration is denied.  *See* 9th Cir. R. 27-10.

Respondent's request that it be awarded its costs, contained in its response to the motion to reconsider, is denied.

No further filings will be accepted in this closed case.

## Counsel Listing

Carolyn R. Matthews, Esquire, Senior Litigation Counsel, Office of the Attorney General, Phoenix, Arizona.

Thomas K. Chenal, Esquire, Assistant Attorney General, Office of the Attorney General, Phoenix, Arizona.

Matthew W. Close, Esquire, O'Melveny & Myers LLP, Los Angeles, California.

Don Bivens, Esquire, Snell & Wilmer LLP, Phoenix, Arizona.

Brian D. Boyle, Esquire, O'Melveny & Myers LLP, Washington, DC.

Robert Arthur Henry, Esquire, Snell & Wilmer LLP, Phoenix, Arizona.

<u>State of Arizona v. Countrywide Financial, et al., 11-80086</u>

GOULD, Circuit Judge, dissenting:

I dissent and would grant reconsideration and would permit appeal. We have decisions in different district courts in Nevada and Arizona going in opposite directions on the same or very similar issues. Although we have permitted appeal in *Nevada v. Bank of America Corp.*, No. 11-80165, there are ways in which that decision might be resolved without clarifying the legal points concerning application of the Class Action Fairness Act to *parens patriae* actions in which an attorney general seeks restitution for state citizens, on which our district courts are divided. In my view, if there is one thing we should readily do as a circuit, it is to take steps to eliminate intra-circuit conflicts in our district courts. A state attorney general should face the same law and orientation of a district court in each of the states within our circuit. To my thinking, it just doesn't make sense to leave the attorney generals of the various states at sea when we could easily simplify and clarify matters by permitting appeal in both this decision coming from Arizona and the related case in Nevada on which we are allowing an appeal. A panel hearing both appeals on an expedited basis could provide an opinion that would set uniform law within our circuit. I regret that our panel here passes on that opportunity.